UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ADRIAN RODRIGUEZ, | Civil No. 09-cv-0993-WQH (POR) |
|---|---|
| Petitioner, | **ORDER DENYING APPOINTMENT OF COUNSEL** |
| v. | |
| LARRY SMALL, Warden, | **[Document No. 17]** |
| Respondent. | |

On August 24, 2009, Petitioner, a state prisoner proceeding *pro se*, filed a motion for appointment of counsel. (Doc. 17.) Petitioner contends he is "indigent and unable to afford to retain his own counsel," and asserts he is not "trained for legal matters." Id. at 1-2.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too

1  complex for the petitioner.  In addition, the appointment of counsel may be necessary if the
2  petitioner has such limited education that he or she is incapable of presenting his or her claims.
3  Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

4  "The procedures employed by the federal courts are highly protective of a pro se petitioner's
5  rights.  The district court is required to construe a pro se petition more liberally than it would
6  construe a petition drafted by counsel."  Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404
7  U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730
8  F.2d at 1234.

9  Petitioner requests appointment of counsel to assist him in his current Petition for habeas
10 corpus.  (Doc. 1)  Petitioner, however, has sufficiently represented himself to date.  From the face of
11 the Petition, filed *pro se*, it appears Petitioner has a good grasp of this case and the legal issues
12 involved. (Doc. 1, Ex. A).  The Petition in this case was pleaded sufficiently to warrant this Court's
13 order directing Respondent to file an answer or other responsive pleading to the Petition.  (Doc. 7.)
14 Further, Petitioner filed an opposition to Respondent's Motion to Dismiss on August 27, 2009.
15 (Doc. 16.)  Accordingly, because further briefing is not required of Petitioner at this time, his claim
16 that he needs counsel is without merit.  At this stage of the proceedings, the Court finds the interests
17 of justice do not require the appointment of counsel.

18 Based thereon, IT IS HEREBY ORDERED:  Petitioner's motion for appointment of counsel
19 is hereby DENIED without prejudice.  (Doc. 17.)

20 **IT IS SO ORDERED.**

21 DATED:  October 27, 2009

22
23 _____
   LOUISA S PORTER
   United States Magistrate Judge
24

25 cc:         The Honorable William Q. Hayes
             all parties
26
27
28