UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ADRIAN RODRIGUEZ, | Civil No. 09-cv-0993-WQH (POR) |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS BE GRANTED** |
| v. | |
| LARRY SMALL, Warden, | |
| Respondent. | **[Doc. 12]** |

## I. INTRODUCTION

On May 7, 2009, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] On August 4, 2009, Respondent filed a Motion to Dismiss the Petition. [Doc. 12.] Respondent contends that Petitioner failed to file the Petition within the statute of limitations. Id. On August 27, 2009, Petitioner submitted an Opposition to the Motion to Dismiss, arguing that (1) newly discovered facts render the Petition timely under 28 U.S.C. § 2244(d)(1)(D); (2) equitable tolling is appropriate; and (3) Petitioner is entitled to an evidentiary hearing to present his case. [Doc. 16.] In accordance with Local Rule 72.1(d), this Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

## II. PROCEDURAL BACKGROUND

On September 12, 1997, in the San Diego County Superior Court, a jury convicted Petitioner of first-degree murder and personal use of a firearm. (Lodg. 1 at 1.) On October 23, 1997, the trial court sentenced Petitioner to a prison term of 35 years to life. Id. Petitioner appealed to the California Court of Appeals, which affirmed the judgment on April 9, 1999. (Lodg. 1, Ex. B.)

Petitioner then filed a petition for review with the California Supreme Court. On July 14, 1999, the California Supreme Court denied the petition. (Lodg. 2.)

On November 9, 2007, Petitioner filed a state habeas petition with the San Diego County Superior Court (Pet.'s Br. at 2),[1] which denied the petition on January 25, 2008. (Lodg. 1.) On July 15, 2008, Petitioner filed a habeas petition with the California Court of Appeals, and the Court of Appeals denied the petition on September 23, 2008. (Lodg. 5.) On October 22, 2008, Petitioner filed a habeas petition with the California Supreme Court. (Lodg. 7.) On April 22, 2009, the California Supreme Court denied the petition as untimely. Id.

On May 7, 2009, Petitioner filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. [Doc. 1.] The Petition presents the following grounds for relief:

1. Ineffective assistance of trial counsel for failure to:
   a. file any motions to suppress any evidence, including letters that were highly damaging to Petitioner;
   b. question witnesses, including prosecution's witnesses;
   c. make Petitioner's family aware of all court proceedings and any investigations or defenses for Petitioner;
   d. prepare and present a meritorious defense; and
   e. investigate the facts of the case or follow any available leads before advising Petitioner to plead guilty.

2. Petitioner was prejudiced by the acts and omissions of his trial counsel.

3. Ineffective assistance of appeal counsel for failure to raise meritorious grounds on direct appeal, thus causing the grounds to be procedurally barred.

4. California Supreme Court erred in denying state petition for habeas corpus as untimely.

On May 20, 2009, the Court granted Petitioner's application to proceed in forma pauperis, denied Petitioner's motion for a stay and abeyance, and ordered Respondent to file a response to the Petition. [Doc.7.] On August 4, 2009, Respondent filed a Motion to Dismiss the Petition. [Doc. 12.] On August 27, 2009, Petitioner filed an Opposition to the Motion to Dismiss, in which Petitioner argues that the Petition is timely under the statute of limitations, due to (1) newly discovered facts and (2) equitable tolling. [Doc. 16.]

---

[1] Respondent failed to lodge a copy of the state habeas petition filed with the San Diego County Superior Court. Furthermore, the Superior Court's Order denying the petition does not identify the date on which the petition was filed. (Lodg. 1.) Thus, the Court finds that the state habeas petition was filed on the date identified by Petitioner's brief.

## III. DISCUSSION

The Petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, which provides one year for state prisoners to file a federal habeas corpus petition. The AEDPA states, in pertinent part, that:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The period of "direct review" under Section 2244(d)(1)(A) includes the 90-day period within which Petitioner could have filed a petition for a writ of certiorari with the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Furthermore, "the day of the act, event, or default from which the designated period of time begins to run shall not be included," but "the last day of the period shall be included." Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). As a result, the statute of limitations begins to run on the day after judgment becomes final and terminates on the last day of the period.

Petitioner's final action on direct appeal was his petition for review filed with the California Supreme Court, which was denied on July 14, 1999. Petitioner did not pursue a petition for writ of certiorari with the United States Supreme Court. Under Bowen, his conviction became final ninety days after the California Supreme Court denied his petition for review. 188 F.3d at 1159. Thus, based on Section 2244(d)(1)(A), Petitioner's conviction became final on October 12, 1999. Accordingly, absent tolling, Petitioner had until October 12, 2000 to file a timely federal habeas petition. However, Petitioner did not file the instant Petition until May 7, 2009.

Furthermore, statutory tolling does not render the Petition timely. Even though a properly filed *state* habeas petition tolls the AEDPA's statute of limitations,[2] the tolling has no effect if the state habeas petition is filed after the AEDPA's statute of limitations has run. See, e.g., Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000)("[B]ecause the limitations period had already run, tolling the one-year statute for the period that [petitioner's] action was pending in state court would not make his federal habeas petition timely since he waited more than one year after the state court decision before he filed the petition in this case."). In the present case, Petitioner filed his state habeas petition in the San Diego County Superior Court on November 9, 2007, more than 7 years after the statute of limitations on his federal petition had run.

Petitioner argues that the Petition is timely, however, based on the following: (1) "newly discovered evidence" as to the claim of ineffective assistance of trial counsel (Pet. at 1-3); and (2) equitable tolling (Pet.'s Br. at 7). The Court addresses each argument in turn.

**A.     Newly Discovered Evidence and 28 U.S.C. § 2244(d)(1)(D)**

**1.     Petitioner's Argument**

Petitioner asserts that on June 4, 2007, he learned of new facts that support his claim of ineffective assistance of trial counsel. (Pet.'s Br. at 5.) Specifically, Petitioner submits a letter he received from Tom Connolly, Esq., dated June 4, 2007, in which Mr. Connolly states the following:

(1) Petitioner and his family visited Mr. Connolly while the original criminal case was pending ("in late 1996 or early 1997").

(2) Mr. Connolly took the case, contacted Petitioner's court-appointed attorney, and took possession of the discovery materials.

(3) After speaking with Petitioner, reviewing the discovery materials, and visiting the scene of the alleged crime, Mr. Connolly believed that Petitioner had a legitimate defense on the theory of imperfect self-defense.

(4) Shortly after his investigation, Mr. Connolly was convicted of an unrelated offense and went to prison.

(5) Although Petitioner's court-appointed attorney knew of Mr. Connolly's incarceration, the court-appointed attorney did not attempt to contact Mr. Connolly to discuss the results of Mr. Connolly's investigation or Mr. Connolly's theory of the case.

---

[2] Under 28 U.S.C.A. § 2244 (b)(2): "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

(Pet., Ex. B at 9-11). Additionally, Petitioner submits the declaration of Jon M. Pettis, Esq., who "briefly assisted in the defense of [Petitioner]." Id. at 12. In his declaration, Mr. Pettis states the following:

(1) Mr. Pettis reviewed the discovery, interviewed Petitioner, and accompanied Mr. Connolly to visit the scene of the alleged crime.

(2) Based on this investigation, Mr. Pettis formed a belief that Petitioner "might have a potential imperfect self-defense defense . . . ."

(3) When Mr. Connolly was convicted, "the case was turned over to another attorney."

(4) Mr. Pettis informed the new attorney of "our investigation and my thoughts as to a potential imperfect self-defense defense."

(5) The attorney never contacted Mr. Pettis to discuss this theory of the case or to request that Mr. Pettis be a witness for Petitioner.

(6) "I believe whomever tried the case should have exhaustively investigated the possible imperfect self-defense defense."

Id. at 12-13. In sum, Petitioner argues that until he received the information contained in the letter and declaration, he could not have filed the present Petition on the ground of ineffective assistance of counsel. (Pet.'s Br. at 6.) As a result, Petitioner asserts that the statute of limitations did not commence until he received this information, citing Hasan v. Galaza, 254 F.3d 1150, 1153 (9th Cir. 2001).

**2.    Discussion**

Under the AEDPA, the statute of limitations cannot begin running before "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Ninth Circuit's interpretation of this section dictates that "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001).

Petitioner's reliance on Hasan, however, is misplaced. In Hasan, the petitioner sought habeas relief for his trial counsel's failure to investigate jury misconduct. The petitioner argued that the statute of limitations did not commence until the date he discovered–from an inmate, several years after his trial–that one of his jurors had been romantically involved with a witness for the

prosecution. The Ninth Circuit agreed, finding that discovery of this fact provided "reasonable grounds" for claiming ineffective assistance of counsel, because "[o]nly then did Hasan have a good faith basis for arguing prejudice. . . ."[3] Id. Furthermore, the Hasan court noted that petitioner did not "have reason to know" of the romantic relationship before the inmate disclosed the relationship. Id.

By contrast, in the present case, Petitioner knew, or should have known, of all *facts* supporting his claim of ineffective assistance of trial counsel. First, Petitioner was aware of the facts surrounding the homicide for which he was convicted, the facts that Petitioner contends could have supported a defense of imperfect self-defense. (See Pet., Ex. B at 10)(attorney Connolly stating in his letter that he formed his theory of imperfect self-defense "[a]fter meeting with [Petitioner's] family and hearing their explanation of the facts"). Second, Petitioner knew that his trial counsel did not argue a theory of imperfect self-defense, or any "actual defense," at trial. (See Pet. at 6.) Third, even if Petitioner did not have actual knowledge of his trial counsel's failure to contact Mr. Connolly and Mr. Pettis to discuss their investigation, Petitioner could have discovered this failure through reasonable due diligence. Specifically, Petitioner could have asked his trial counsel about communications, or lack thereof, with Mr. Connolly and Mr. Pettis. Thus, under Section 2244(d)(1)(D), Petitioner could have discovered the factual predicate of his ineffective assistance of trial counsel claim, through due diligence, at or before the time of trial.

To the extent Petitioner did not understand that a theory of self-defense was a viable strategy for his trial, the law provides no relief from the statute of limitations. Petitioner does not need "to understand the legal significance of [the] facts–rather than simply the facts themselves–before the due diligence (and hence the limitations) clock started ticking." Hasan, 254 F.3d at 1154. In his brief, Petitioner explains that he sought out Mr. Connolly "to obtain advice about legal matters in any way possible to find grounds for relief." (Pet.'s Br. at 7.) Under Hasan, even if Mr. Connolly's letter or Mr. Pettis's declaration made Petitioner realize, for the first time, that trial counsel's failure

---

[3] Under Strickland v. Washington, 466 U.S. 668, 687-96 (1984), in order to establish a claim of ineffective assistance of counsel, a petitioner must satisfy the following two-prong test: (1) show that counsel's performance was unreasonable under prevailing professional standards (performance prong); and (2) demonstrate that "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (prejudice prong).

to present a theory of self-defense constituted ineffective assistance of counsel, the Court cannot reset the statute of limitations. See, e.g., Larson v. Yates, 2009 WL 4282050 (E.D. Cal. Nov. 24, 2009)(citing Hasan and refusing to reset the statute of limitations where a fellow inmate, who was an attorney, obtained petitioner's complete file and identified grounds on which to base a claim of ineffective assistance of counsel); Bustamonte v. Adams, 2009 WL 2390610 (E.D. Cal. Aug. 3, 2009)(citing Hasan and refusing to reset the statute of limitations even though petitioner did not realize that his prison term was an indefinite life sentence until his first parole hearing); Flores v. Hedgpeth, 2008 WL 4196629 (C.D. Cal. Sep. 10, 2008)(citing Hasan and refusing to reset the statute of limitations where petitioner did not know he had grounds for relief until he retained counsel years after the limitations period had run). Thus, even under 28 U.S.C. § 2244(d)(1)(D), the Petition is untimely.

**B.     Equitable Tolling**

Petitioner argues that equitable tolling is appropriate for two reasons. First, Mr. Connolly's imprisonment prevented Petitioner from "learning of trial counsel's unreasonable representation of [P]etitioner [until] June 4, 2007." (Pet.'s Br. at 7.) Second, Petitioner asserts that he "had no control over what grounds Appellate Counsel filed, especially since he was from the State of Virginia making contact impossible since appeal counsel never answered any of [P]etitioner's letters during direct appeal." Id. Also, Petitioner requests an evidentiary hearing to "further flush out the facts." Id.

In the Ninth Circuit, equitable tolling of the AEDPA's one-year statute of limitations is available, but only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005)(internal citations omitted). Furthermore, the petitioner "bears the burden of showing that equitable tolling is appropriate." Id.

First, Petitioner's delay in contacting Mr. Connolly does not merit equitable tolling. Petitioner explains that he sought out Mr. Connolly "to obtain advice about legal matters" (Pet.'s Br. at 7), but "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, even if Petitioner did not know the legal implications of his trial counsel's

conduct before receiving the letter from Mr. Connolly, equitable tolling is not appropriate.

Second, Petitioner fails to explain how limited communications with counsel for his *direct appeal* warrant equitable tolling as to his federal habeas petition. Upon conclusion of the direct appeal, appellate counsel no longer represented Petitioner, and the clock for filing a habeas petition began ticking. Eventually, the clock ran out. Petitioner has failed to meet his burden of proving "extraordinary circumstances" beyond his control that made filing a timely habeas petition impossible.

In light of the foregoing, Petitioner has not presented any "allegation[s] that would, if true, entitle him to equitable tolling," and as a result, Petitioner is not entitled to an evidentiary hearing. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006).

## IV. CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, this Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable William Q. Hayes, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

**IT IS HEREBY ORDERED** that no later than **March 3, 2010**, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no later than **seven days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: February 10, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc:   The Honorable William Q. Hayes
      all parties