# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ,<br><br>                  Petitioner,<br>  vs.<br>LARRY SMALLS,<br><br>                  Respondent. | CASE NO. 09cv993 WQH (POR)<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. # 12) filed by Respondent Larry Smalls and the Report and Recommendation (Doc. # 19) filed by Magistrate Judge Louisa S. Porter.

## BACKGROUND

    On May 7, 2009, Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing the Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. # 1). The Petition challenges Petitioner's September 12, 1997 conviction for first-degree murder and personal use of a firearm. (Lodgement 1 at 1). The Petition alleges that Petitioner received ineffective assistance of trial counsel, that Petitioner received ineffective assistance of appellate counsel, and that the California Supreme Court erred in denying Petitioner's state petition as untimely. *Id.* Petitioner's ineffective assistance of trial counsel claim stems from the performance of appointed counsel at trial after Petitioner's original retained counsel was

1 himself incarcerated. *Id.* Along with the Petition, Petitioner filed a Motion for Leave to
2 Proceed *in Forma Pauperis* (Doc. # 2) and a Motion to Stay (Doc. # 3). On May 20, 2009, the
3 Court granted Petitioner's application to proceed *in forma pauperis*, denied Petitioner's Motion
4 for a Stay and Abeyance, and ordered Respondent to file a response to the Petition. (Doc. # 7).

5 On August 4, 2009, Respondent filed the Motion to Dismiss Petition for Writ of Habeas
6 Corpus. (Doc. # 12). Respondent contends that the Petition was untimely because it was filed
7 more than one year after Petitioner's conviction became final. *Id.* at 7. Respondent contends
8 that Petitioner's conviction became final on October 12, 1999. *Id.* at 10. Respondent contends
9 that Petitioner is not entitled to equitable tolling because he has failed to establish that evidence
10 he asserts was newly discovered could not have been discovered earlier through due diligence.
11 *Id.* Respondent contends Petitioner has conceded he was aware of "the potential for
12 presenting a defense at trial based on imperfect self-defense" before his trial took place. *Id.*
13 at 12. Respondent contends equitable tolling in habeas cases "does not extend to what are, at
14 best, 'garden variety' contentions of excusable neglect." *Id.* at 14.

15 On August 27, 2009, Petitioner filed a Response in Opposition to the Motion to
16 Dismiss. (Doc. # 16). Petitioner contends that he did file within the statute of limitations and
17 that he is entitled to equitable tolling. *Id.* at 2, 10, 12. Petitioner contends that he is entitled
18 to equitable tolling because he lacks legal sophistication and because he had no contact with
19 his appellate counsel. *Id.* at 7. Petitioner contends that the statute of limitations did not start
20 running until he learned of the ineffective assistance of trial counsel. *Id.* at 10. Petitioner
21 concedes he was aware of the imperfect self-defense evidence before trial, but was unable to
22 convince his trial attorney to present the defense at trial. *Id.* at 9. Petitioner contends that "the
23 clock should be restarted to June 4, 2007, the date on which petitioner received the actual
24 document which enables him to file this Petition for Writ of Habeas Corpus. *Id.* at 10.
25 Petitioner contends he was diligent in attempting to contact his original trial counsel who
26 would have evidence about his ineffective assistance of counsel claim, but was unable to do
27 so until June 4, 2007. *Id.* at 12.

28 Respondent did not file a reply.

1     On February 10, 2009, Magistrate Judge Porter issued the Report and Recommendation ("R&R") which recommends that the motion be granted. (Doc. # 19). The R&R concluded that Petitioner's conviction became final on October 12, 1999. *Id.* at 3. The R&R concluded that, "absent tolling, Petitioner had until October 12, 2000 to file a timely habeas petition. However, Petitioner did not file the instant petition until May 7, 2009." *Id.* The R&R concluded that neither statutory tolling for "newly discovered evidence" nor equitable tolling render the petition timely. *Id.* at 4.

The R&R concluded that newly discovered evidence does not justify statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D) because "Petitioner knew, or should have known, of all *facts* supporting his claim of ineffective assistance of trial counsel" at the time of trial. *Id.* at 6. The R&R concluded that Plaintiff is not entitled to statutory tolling because petitioners do "not need 'to understand the legal significance of facts—rather than simply the facts themselves—before the due diligence (and hence the limitations) clock started ticking.'" *Id.* (citing *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001)). The R&R concluded that even if Petitioner did not realize "that trial counsel's failure to present a theory of self-defense constituted ineffective assistance of counsel, the Court cannot reset the statute of limitations." *Id.* at 6-7.

The R&R concluded that Petitioner is not entitled to equitable tolling because he has not established that "'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time.'" *Id.* at 7 (citing *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005)). The R&R concluded that "'lack of legal sophistication is not, by itself, an extraordinary circumstance . . . .'" *Id.* (citing *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)). The R&R concluded that "Petitioner fails to explain how limited communications with his counsel for his *direct appeal* warrant equitable tolling as to his federal habeas petition." *Id.* at 8. Therefore, the R&R concludes that "Petitioner has not presented 'any allegation that would, if true, entitle him to equitable tolling,'" and is therefore not entitled to an evidentiary hearing. *Id.* (citing *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006)).

1         The R&R informed the parties that any party may file an objection no later than March 3, 2010 and that any reply shall be filed within seven days of receiving the objections. *Id.* On March 4, 2010, the Court received Petitioner's Objections to Magistrate's Report and Recommendation. (Doc. # 21). Petitioner mailed his objection on March 3, 2010. *Id.* Respondent did not file any objections or any response to Petitioner's objections.

        In his objection, Petitioner states that he was a minor at the time of his conviction, that he is "uneducated in the law, not even having graduated from high school, and relied on counsel in representing petitioner to the full extent of the law . . . ." *Id.* at 2. Petitioner states that the R&R "errs in assuming Petitioner knew of the issues before, during, and even after trial in support of his ineffective assistance of counsel claims." *Id.* Petitioner states that he did not know of the Sixth Amendment right to effective assistance of counsel and only "after learning through [Petitioner's original retained counsel's] declaration and showing it to a jail house lawyer was petitioner made aware" that his right to counsel had been violated. *Id.* at 3. Petitioner states that he learned through his contact with his original trial attorney that there were additional avenues of investigation that his original trial attorney believes the replacement trial counsel should have pursued. *Id.* at 5.

        Petitioner states that the R&R errs in determining that Petitioner has not presented any allegations which, if true, would entitle him to equitable tolling. *Id.* Petitioner states that he did attempt to contact his original attorney prior to 2007 but was unable to reach him. *Id.* at 7. Petitioner states that these circumstances merit equitable tolling. *Id.* Petitioner states that the R&R errs in stating Petitioner did not present a connection between the ineffective assistance of his appellate counsel and his request for equitable tolling. *Id.* at 8. Petitioner states "the magistrate fails to understand that the direct appeal attorney is also expected and held to the United States Constitution Sixth Amendment, because of his ineffectiveness, petitioner was prejudiced heavily on appeal." *Id.* at 8. Petitioner states appellate counsel was ineffective for failure to conduct an investigation of extrinsic, extra-record evidence. *Id.* Petitioner contends the appellate attorney should have raised his ineffective assistance of counsel claims. *Id.*

Petitioner also attached a sworn declaration restating the factual basis for his objection. (Doc. # 21-1 at 1-2).

## APPLICABLE LAW

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C § 636(b). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *Wang v. Masaitis*, 416 F.3d 992, 100 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

AEDPA provides one year for state prisoners to file a federal habeas corpus petition from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

To fall under 28 U.S.C. § 2244(d)(1)(D), it is insufficient for a Petitioner to establish that he was unaware of the legal significance of facts prior to a certain date, rather he must show that he was unaware of the facts themselves and that those facts "could not have been discovered through the exercise of due diligence." *See Hasan*, 254 F.3d at 1154.

The Ninth Circuit "permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). "The petitioner must

establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (internal quotations omitted). "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Id.*, *see also Roy v. Lampert*, 465 F.3d 964, 970.

A petitioner's request for a hearing on tolling should be granted if the petitioner "makes a good faith allegation that would, if true, entitle him to equitable tolling." *Id.* at 969. In other words, a petitioner must allege facts that show that he has "been pursuing [his] rights diligently [and] that some extraordinary circumstance got in [his] way" *before* a court will grant a hearing on tolling. *See id.* (citation omitted).

**ANALYSIS**

Neither party objected to the Magistrate Judge's conclusion that Petitioner's conviction became final on October 12, 1999 and that Petitioner had until October 12, 2000 to timely file a petition for a writ of habeas corpus absent some form of tolling. *See* Doc. # 19 at 3. The Court has reviewed this portion of the R&R and concludes the Magistrate Judge correctly calculated these dates.

Petitioner objected to the Magistrate Judge's conclusion that he is not entitled to statutory tolling or to equitable tolling. However, Petitioner's objection states his disagreement with the law rather than his disagreement with the application of the law by the Magistrate Judge.

Petitioner asserts that he was entitled to statutory tolling on the grounds that he was unaware of his Sixth Amendment right to effective assistance of counsel at trial and on appeal until his original trial attorney and a jailhouse lawyer informed him of that right. However, the statutory provision states that the one year statute of limitations begins to run "the date on which the *factual predicate* of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Petitioner's contention that he was unaware of the legal significance of facts he already knew is not sufficient to toll the one-year statute of limitations under AEDPA. *See Hasan*, 254 F.3d at 1154. After conducting *de novo* review of the record and the R&R, the Court finds Petitioner is not entitled

to statutory tolling.

Petitioner's objection further asserts that he is entitled to equitable tolling and that the Magistrate Judge failed to consider the fact that Petitioner's attorney on direct appeal was also ineffective and the fact that Petitioner previously attempted to contact his original trial attorney to no avail. The Court concludes that Petitioner has failed to show that this alleged ineffective assistance of appellate counsel had any effect on his ability to file a petition for a writ of habeas corpus. As for his prior efforts to contact his original trial counsel, Petitioner was aware of the relevant facts that underlie his ineffective assistance of counsel claim as to his replacement trial counsel at the time of trial. The significant information Plaintiff learned from his original trial counsel was the legal significance of the facts he already knew. Plaintiff has made a claim for equitable tolling based on his "lack of legal sophistication," which cannot be the basis of an equitable tolling claim. *See Raspberry*, 448 F.3d at 1153. After conducting *de novo* review of the record and the R&R, the Court finds Petitioner is not entitled to equitable tolling.

Plaintiff has not alleged facts which, if true, entitle him to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D) or to equitable tolling. Because Plaintiff has not met this burden, the Court finds he is not entitled to a hearing.

## CONCLUSION

**IT IS HEREBY ORDERED THAT** (1) the Report and Recommendation (Doc. # 19) is **ADOPTED** in its entirety; and (2) the Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. # 12) is **GRANTED**.

DATED: March 16, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge